

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

*Winner, Delaware Quality Award of Merit*

## NOTICE OF REASONABLE CAUSE FINDING

**RE: Breslin v. State of DE/Department of Natural Resources**          **State Case No.: 0210667**

On September 24, 2002, Ms. Ann L. Breslin filed a charge of discrimination against State of Delaware/Department of Natural Resources and Environmental Control. The Charge of Discrimination is hereby incorporated by reference.

**Reasonable Cause Finding:**

On June 30, 2004, the Department of Labor concluded it investigation and now finds, based on the following facts, that there is reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I.   Undisputed Facts:

   1. Charging Party began her employment with Respondent on 1996 as a State Merit System Environmental Scientist III (ESIII).
   2. Charging Party resigned from her position with Respondent on 2/22/03.

II.  Disputed Facts:

   1. Charging Party alleges she was discriminated against based on her sex (female) due to her salary being substantially less than her similarly situated male co-workers who were hired after she began her position of ESIII. She further claims that after six years tenure, she earned the salary of an entry-level ESIII.
   2. Respondent states that the pay disparity between Charging Party and her ESIII co-workers in the State Investigation and Restoration Branch (SIRB unit) is the result of the State's classification and the Delaware Code and the Merit Rules promulgated there under. Respondent further maintains that rather than use the 4 ESIII's in SIRB as the relevant employee pool, the inquiry should include the larger universe of ESIII's throughout the Department of Natural Resources and Environmental Control (DNREC).



EXHIBIT A

Breslin v. State of DE/Department of Natural Resources
Case Number: 0210667
Page 2

III. <u>Resolution of Material Facts in Dispute:</u>

1. Charging Party submitted evidence that her salary did not increase at the same increments as her male comparators as indicated by their hire date and tenure. Charging Party's evidence indicated that she performed the same duties as her comparators but was paid at a lower salary.
2. Respondent submitted evidence to demonstrate the universal salary ranges of male and female ESIII's, however Charging Party's unit performed a separate set of job duties that applied to the SIRB department. In addition, Charging Party's salary increase request was denied on two occasions while her comparators were granted increases. Consequently, the differences in the salaries related to request along with Merit reasons.
3. Respondent provided evidence that the leveling-up Merit rule was considered upon Charging Party's second pay increase request, however Charging Party's request was based on her equal work requiring her equal skill, effort and responsibility under her specific working conditions.

IV. <u>Resolution:</u>

The administrative process will now proceed to the conciliation phase pursuant to 19 Del. C. Section 712 (c).

6/30/04
DATE

6/30/04
DATE

Brenda Sands
LABOR LAW ENFORCEMENT OFFICER

JULIE CUTLER
LABOR LAW ENFORCEMENT SUPERVISOR