**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANN L. BRESLIN,            )<br>            Plaintiff,            )<br>                                          )<br>      v.                                  )<br>                                          )<br>STATE OF DELAWARE, DEPARTMENT )<br>OF NATURAL RESOURCES AND  )<br>ENVIRONMENTAL CONTROL,    )<br>                                          )<br>            Defendant.           ) | C.A. No. 05-290-<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S ANSWER**

Defendant, State of Delaware Department of Natural Resources & Environmental Control, hereby answers Plaintiff's Complaint. The following paragraph numbers in Defendant's Answer correspond to the paragraph numbers in the Complaint. Unless specifically admitted or denied, or otherwise qualified, the allegations in the Complaint are denied.

1. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, it is denied.

2. Admitted that Plaintiff is an adult, female individual. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

3. Denied that Plaintiff accurately characterizes Defendant's mission. The balance of this allegation is admitted.

4. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, it is denied.

5. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, it is denied.

6. Admitted.

7.Admitted. By way of further response, Plaintiff was hired as a seasonal Environmental Scientist 1 ("ES 1")), while Keith Robertson ("Robertson") was hired in a merit system position as an Environmental Scientist 2 ("ES 2").

8.Denied that Robertson had no experience with any other type of remediation/investigation when he was hired. Admitted that DNREC sponsored training for both Robertson and Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

9.Admitted that in 1994 the Delaware State Auditor determined that seasonal positions could not be staffed for longer than 129 working days in a fiscal year. Admitted that the State of Delaware posted an ES 2 merit system position sometime between July and November of 1994. Admitted that Plaintiff competitively interviewed for the position as the Merit Rules require. Admitted that Plaintiff accepted a position with the State of Delaware pursuant to a merit system governed by the State of Delaware Merit Rules with a starting salary pursuant to Merit Rule 5.0710 of the minimum percent of midpoint range—a salary of $22,998 on or about November 1, 1994. Defendant lacks sufficient knowledge or information to form a belief as to the admit or deny the rest of the factual averments

10.Admitted.

11.Denied as alleged. Admitted that the State of Delaware posted an ES 3 position. Admitted that Plaintiff competitively interviewed for the ES 3 position as the Merit Rules require. Defendant lacks sufficient knowledge or information to form a belief as to the rest of the factual averments. By way of further response, Plaintiff had received two performance evaluations in 1994 and 1995 rating her as "exceeds expectations" with numeric scales of 5.64 and 5.24 on a range of 3.0 to 7.0 where 5.0 is equivalent to "meets expectations" and 7.0 is

exemplary performance.

12.     Denied as alleged.  Admitted that Plaintiff signed a letter offering her the ES 3 position on January 9, 1997, accepting the position and acknowledging it was without an advanced salary.  Admitted Plaintiff was to be paid the minimum percent of midpoint range (to be effective on a retroactive start date of November 16, 1996), which salary was authorized by Merit Rule 5.0710.  Admitted that the minimum percentage of midpoint was a salary of $29,496.  Admitted that Plaintiff's manager compiled an advanced hire salary package request asking for an advanced salary of 82.5 percent of midpoint -- $33,182.  Admitted that Sharon Tazelaar in the Personnel Branch of Defendant's Office of the Secretary Division after first requesting supplemental information to justify the request for 82.5 percent of midpoint, denied the request based on its failure to fulfill the Merit Rule requirement that the request identify qualifications that were clearly over and above those required as minimum by the class specification or its failure to provide sufficient documentation of Plaintiff's special qualifications.  Denied that Plaintiff's request was nearly identical to Robertson's request.  Admitted that Robertson's advanced hire letter demonstrated 4.75 years of related experience and 2.5 years at the ES 2 level of environmental scientist experience for a total of 7.25 years of experience, which was a higher level than that required for the ES 3 position.  Admitted that Sharon Tazelaar in Defendant's Human Resources Office must have determined that Robertson's 7.25 years of work experience were sufficient to demonstrate a level of experience higher than that required as a minimum for an ES 3.  Admitted that Sharon Tazelaar must have determined that Plaintiff's advanced hire request was insufficient to demonstrate a level of experience higher than the minimum required for an ES 3 in that the request and Plaintiff's personnel file demonstrate 1) approximately 10 months of seasonal ES 1 experience with Defendant; 2) approximately 2 years of experience at

the ES 2 position with Defendant, 3) between 5 to 7 months of as either a wetland scientist or an intern at the Chesapeake Bay Foundation; and 4) about 1.5 years experience as a laboratory assistant at Houghtin College.  Admitted that Plaintiff's documentation demonstrates less work experience than Robertson.  Defendant lacks sufficient knowledge or information to form a belief as to admit or deny the rest of the factual averments.  By way of further response, Robertson's advanced hire package demonstrates that his 4.75 years of related experience outside of Defendant's employment was more relative to the ES 3 position because it demonstrated substantial project management experience and Plaintiff's package did not demonstrate prior project management experience based on about 2 years experience working as an assistant/intern.

   13. Denied as stated.  Admitted that Robertson resigned from his position on or about September 11, 1999.  Admitted the position was vacant for a little over a year until Robertson was rehired on November 16, 2000, at a higher salary than when he left.  By way of further response, Robertson was rehired at a reconstructed salary in accordance with Merit Rule 5.0720 "Starting Pay on Reinstatement" which required that an employee rehired into the same class in the classified service after separation from the State service of not more than two years would be paid at the same salary he received at the time of separation, plus any general salary increases since his/her separation (and his request for any further advanced compensation was denied because of the Merit Rule regarding Reinstatement).

   14. Denied as stated. Admitted that the Merit Rules required that upon such promotion, a person's salary was to be increased to the minimum (at that time 80 percent of midpoint) of the new salary range or the person was to receive a 5 percent increase, whichever is greater.  By way of further response, Defendant states that the selective market pay variation was

never reapplied to the environmental scientist series after its removal. Further, the environmental scientist classification is different from the environmental engineer classification because the environmental engineer classification takes into account different knowledge, skills, abilities and experience and Merit Rule 3.0100 requires that "[p]ositions substantially alike in duties and responsibilities, requiring essentially the same knowledge, skills and abilities, license or professional certifications…shall be grouped into the same class and the same rates of pay under similar working conditions shall be applicable thereto." Nonetheless, the limited maintenance review resulted in the environmental scientist series being afforded higher pay grades, which in accordance with the Merit Rules constituted a promotion.

15. Denied as stated. Admitted that Plaintiff was the only female ES 3 in SIRB in May of 2000. Admitted that Plaintiff, according to the Merit Rules was being paid at the minimum midpoint level both before and after her salary was raised because of the paygrade reassignment. Denied that all of Plaintiff's similarly situated male co-workers received an additional 5 percent raise of their salaries. By way of further response, the Defendant states that 6 similarly situated males were employed in the Division as Air & Waste Management as ES 3s, were being paid the same amount as Plaintiff, and received the same raise to the minimum of midpoint as provided by the Merit Rules. Further, other employees (besides the male ES 3s in SIRB) in the ES 3 position in the Division of Air & Waste Management received the alternative 5 percent increase in their pay due to there position within the midpoint salary range.

16. Admitted that Plaintiff corresponded by e-mail with Merrilyn Ramsey, head of Human Resources for Defendant, with respect to the limited maintenance review. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

17.     Admitted that Plaintiff spoke with Ms. Ramsey concerning the limited maintenance review . Denied that Ms. Ramsey told Plaintiff that she should "be grateful for receiving a salary increase." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

18.     Admitted that Defendant employed Mr. Paul Will in the SIRB Branch as a Program Manager 1. Admitted that Defendant employed Mr. Alex Rittberg in the SIRB Branch as a Program Manager 1. Admitted that Defendant employed Ms. Christina Wirtz in the SIRB Branch as a Program Manager 2, who supervised Mr. Will and Mr. Rittberg. Admitted that Defendant's managers Paul Will, Alex Rittberg and Christina Wirtz discussed Plaintiff's concerns about her salary. Admitted that Robertson was rehired as an ES 3 at a reconstructed salary as required by Merit Rule 5.0720 "Starting Pay on Reinstatement." Denied that Defendant's managers agreed that the re-hiring of Mr. Robertson to his original position was the perfect opportunity to attempt to amend any salary disparity. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

19.     Denied that the memorandum signed by Mr. Will requested a review of the purported pay inequities that were happening in SIRB. The remaining allegations are denied as stated. By way of further response, the Department alleges that without discussing it with Mr. Will beforehand, Plaintiff drafted the memorandum to William Hill, placed Mr. Will's name on it, presented it to him, and asked him to sign it. Mr. Will cursorily reviewed the memorandum and signed it.

20.     Denied that Mr. Will wrote the memo in question. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

21.     Admitted that Plaintiff was the only female ES 3 in the SIRB branch. The

remaining allegations are denied as stated. By way of further response, Plaintiff as well as other similarly situated persons of both sexes employed in ES 3 positions within the Division of Air & Waste Management received promotional raises to the minimum percentage of midpoint. Further, other persons of both sexes employed in ES 3 positions within the Division of Air & Waste Management received the alternative increase of 5 percent according to the Merit Rules.

22. Admitted.

23. Admitted.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

26. Denied as stated. By way of further response, Ms. Merrilyn Ramsey, head of Human Resources for Defendant, by memorandum dated September 3, 2002, denied the request for review of the advanced hire decision made in November of 1994 because Merit Rule 20.6 specified that grievances shall be filed, within 14 calendar days of the date of the grievance matter or the date they could reasonably be expected to have knowledge of the grievance matter or the grievance will be void. The memorandum stated that Plaintiff was being paid as required by Merit Rules. It did not address similarities and differences in salary between Plaintiff and other ES 3s, because the issue was not relevant to the advanced hire determination which was based on the Plaintiff's lack of prior work experience relevant to the ES 3 position. It did not discuss Plaintiff's job experience with SIRB.

27. Admitted that Plaintiff by memo dated September 11, 2002, filed a Step 1 Grievance pursuant to Merit Rule Procedure. Defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegation.

28.     Denied as stated. Admitted Plaintiff filed a charge of discrimination with the Delaware Department of Labor. By way of further response, Plaintiff's administrative remedies were proceeding when she filed her charge of discrimination on September 24, 2002, in that the Merit Rule procedure to hear plaintiff's Step 1 Grievance was in progress.

29.     Admitted. By way of further explanation, after hearing the evidence Mr. Blevins found Plaintiff was being paid commensurate with other ES 3s in the Division of Air and Waste Management, and that female ES 3s in the Division of Air & Waste Management were being paid at a slightly higher average salary ($46,221) than males ES 3s ($45,418).

30.     Admitted.

31.     Admitted that Plaintiff continued her grievance and had a Step 3 Grievance Hearing before the State Personnel Office, which took place on January 29, 2003, according to the Merit Rules. Admitted that Mr. Steven Karlsen and Ms. Ramsey testified at the hearing. Admitted that Mr. Karlsen and Ms. Ramsey indicated that the Merit Rules did not provide a mechanism for them to adjust Plaintiff's salary. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

32.     Denied as stated. By way of further explanation, Mr. Karlsen and Plaintiff's then-attorney Roy Shiels requested that Mr. Karlsen consider a Stipulation concerning the "leveling up procedure" that was never finalized. Mr. Shiels prepared a draft stipulation which he placed on letterhead and forwarded to Mr. Karlsen for his review, and Mr. Karlsen faxed it back to Mr. Shiels with the following comment written on it: "Roy, I do not agree with this approach. Steve Karlsen."

33.     Admitted that the State Personnel Office's hearing officer issued a decision on the

Step 3 Grievance on February 3, 2002. Denied a final Stipulation was signed on February 3, 2003. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

      34.      Denied as stated. Admitted that the result of the State Personnel Office's Step 3 Grievance Hearing was a third decision by State Personnel Office that Defendant had followed the Merit Rules and that Plaintiff had not been discriminated against. Admitted that the hearing officer, contrary to Defendant's position, believed that that Plaintiff's grievance was not time barred. By way of further explanation, the decision was based on a hearing that last several hours, at which she was represented by legal counsel, and during which Plaintiff was afforded the opportunity to first present her case and then to respond to the Defendant's presentation.

      35.      Admitted that Mr. Karlsen unsuccessfully attempted to disqualify Plaintiff's appeal to the Merit Employee Relations Board based on the fact that Plaintiff was no longer a State of Delaware employee. Admitted that Plaintiff's appeal to the Merit Employee Relations Board continued until terminated at the request of Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

      36.      Defendant lacks sufficient knowledge and information to form a belief as to whether Plaintiff received a letter from her attorney informing her of the schedule hearing. Admitted that Plaintiff's hearing before the State Merit Employee Relations Board was scheduled for May 24, 2004, which would have granted a fourth and final hearing on the issue of whether Defendant followed the Merit Rules (a hearing before the entity most qualified to interpret the Merit Rules). By way of further response, the hearing was rescheduled for late August of 2004, at Plaintiff's request and was then terminated by the request of Plaintiff's then-attorney on August 23, 2004, by letter indicating Plaintiff's opinion that "available remedies

(counsel fees, interest, punitive damages, etc.) in the alternative action are far superior, as are the discovery procedures [and that in this Court] Merit Rule System limitations [do not] have the same significance)."

    37.    Admitted that the Delaware Department of Labor investigated Plaintiff's charge of discrimination. Admitted that the Delaware Department of Labor alleged to have found in favor of Plaintiff citing reasonable cause that a violation of the State Discrimination Act, (19 Del. C. § 710-718) despite the fact that the same law provides it is not an unlawful practice for an employee to be paid differently pursuant to a merit system (19 Del. C. § 711(f)). Denied that the Delaware Department of Labor found in favor of Plaintiff with respect to a violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.* Admitted that a copy of the Delaware Department of Labor's finding with respect to the State Discrimination Act is attached to Plaintiff's Complaint.

    38.    Admitted.

**COUNT I**
**GENDER DISCRIMINATION**

    39.    Defendant repeats and re-alleges the responses contained in paragraphs 1 through 38 and incorporates the same by reference as if fully set forth herein.

    40.    Denied. By way of further response, Plaintiff was treated fairly and in accordance with the Merit Rules as required by Delaware law, and Defendant did not intentionally, with malice, or reckless indifference treat Plaintiff in any manner other than in accordance with the Merit Rules and Delaware law.

    41.    Denied.

    42.    This statement is a legal conclusion that does not require a response. To the extent the statements are asserted as factual averments, they are denied.

43. These statements are conclusions of law which do not require a response; however, to the extent that a response is required, they are denied.

    (a) Denied that Plaintiff was treated any differently than her similarly situated male co-workers in that Plaintiff was paid in accordance with the Merit Rules and was not denied any benefits, seniority and/or promotional/transfer opportunities with respect to the facts alleged herein;

    (b) Denied that Plaintiff was treated any differently than her similarly situated male coworkers or subjected to different job performance and/or job requirement and/or educational and/or seniority standards with respect to the facts alleged herein;

44. Denied.

## COUNT II
## VIOLATION OF THE EQUAL PAY ACT

45. Defendant repeats and re-alleges the responses contained in paragraphs 1 through 44 and incorporates the same by reference as if fully set forth herein.

46. Denied. By way of further response, Defendant's treatment of Plaintiff in accordance with the Merit Rules did not violate the Equal Pay Act which expressly provides that "[n]o employer … shall discriminate… between employees on the basis of sex by paying wages …at a rate less than the rate at which he pays wages to employees of the opposite sex…for equal work on jobs the performance of which requires equal skill, effort, and responsibility…except where such payment is made pursuant to (ii) a merit system… ." 29 U.S.C. § 206(d).

## COUNT III
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

47. Defendant repeats and re-alleges the responses contained in paragraphs 1 through 46 and incorporates the same by reference as if fully set forth herein.

48. Denied. By way of further response, denied that Defendant violated any state law covenant of good faith and fair dealing or that facts exist, or were sufficiently alleged, to sustain such a claim against Defendant.

49. Denied.

50. Denied. By way of further response, Defendant acted good faith by paying Plaintiff in accordance with the Merit Rules, and its conduct was affirmed at all 3 levels of the grievance process, until the grievance process was terminated at the request of Plaintiff, who abandoned her administrative grievance which would have resulted in a final administrative opinion as to whether the Merit Rules were followed by the Board designed to hear those matters.

51. Denied. By way of further response, to the extent that Plaintiff was capable of demonstrating that her qualifications were superior to and exceeded the minimum qualifications of the ES 3 level at the time of hire so that she qualified for an advanced hire, Plaintiff failed to provide that information to supplement the request that was made. Further, to the extent that Plaintiff was capable of demonstrating that her qualifications were superior to and exceeded the minimum qualifications of the ES 3 level at the time of hire so that she qualified for an advanced hire, Plaintiff failed to file a grievance within 14 calendar days of when she could reasonably be expected to have knowledge of the grievance matter (her knowledge of the denial of the advanced hire) as required by Merit Rules No. 20.6 and thus any such claim is barred by the Merit Rules.

Denied that Plaintiff is entitled to any relief.

### First Defense

52. Plaintiff's complaint should be dismissed because it fails to state a legal claim for which relief could be granted.

### Second Defense

53. Plaintiff's complaint should be dismissed, in whole or in part, for failure to exhaust administrative remedies, including Plaintiff's abandonment of her merit system grievance, which is the exclusive remedy for provided in 29 Del. C. 5943 for any alleged wrong arising under the misapplication of any provision of the Merit System law, rules or regulations.

### Third Defense

54. Plaintiff's complaint should be dismissed, in whole or in part, because it fails to allege the elements of a beach of an implied covenant of good faith and fair dealing by failing to plead with peculiarity sufficient facts and elements necessary to sustain such a charge.

### First Affirmative Defense

55. Plaintiff's complaint should be dismissed, because Plaintiff's claims, in whole or in part, are barred by the appropriate statute of limitation or repose, including time requirements under the Equal Pay Act and the statute of limitations set out in 10 Del. C. § 8111.

### Second Affirmative Defense

56. Defendant is an administrative agency of the State of Delaware. Twenty-nine Del. C. Chapter 59 is entitled "Merit System of Personnel Administration," and the general purpose of that law is to establish for Delaware a system of personnel administration based on merit principles and scientific methods governing the employees of the state. 29 Del. C. § 5902. Plaintiff's position was classified within this merit system. The system is governed by "Merit

Rules" covering the classified system adopted pursuant to 29 Del. C. § 5914. Pursuant to 29 Del. C. § 5941, "All officers and employees of the State shall comply with and aid in all proper ways in carrying out this chapter and the rules, regulations and orders thereunder." Plaintiff has not alleged that she was paid contrary to the State of Delaware Merit Rules, a merit system of compensation, and any pay discrepancy between her and other ES 3 employees was caused by Defendant following the laws of the State of Delaware. According, Defendant asserts the Affirmative Defense applicable both to claims under Title VII and the Equal Pay Act that any wage disparity was due to Defendant being obligated to pay Plaintiff in accordance with the State of Delaware Merit System.

WHEREFORE, Defendant requests all relief that is just and proper including judgment in its favor and attorney fees.

          Valerie S. Csizmadia    /S/
Valerie S. Csizmadia (DE Bar ID #3937)
Deputy Attorney General
102 W. Water Street, 3rd Floor
Dover, DE 19904
Telephone: (302) 739-4636
E-mail: Valerie.Csizmadia@state.de.us
Attorney for the State of Delaware Department of Natural Resources & Environmental Control

Date: June 23, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANN L. BRESLIN, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-290- |
| | ) | |
| STATE OF DELAWARE, DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL, | ) ) ) ) | **JURY TRIAL DEMANDED** |
|       Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2005, a copy of the foregoing Petition for Review was sent through electronic service and by U.S. mail, first class postage prepaid, to the following:

    Keri L. Morris, Esquire
    Jeffrey K. Martin, Esquire
    1509 Gilpin Avenue
    Wilmington, DE 19806

                                 Valerie S. Csizmadia      /S/
                                 Valerie S. Csizmadia (DE Bar ID #3937)
                                 Deputy Attorney General
                                 102 W. Water Street, 3rd Floor
                                 Dover, DE 19904
                                 Telephone: (302) 739-4636
                                 E-mail: Valerie.Csizmadia@state.de.us
                                 Attorney for the State of Delaware Department of
                                 Natural Resources & Environmental Control

Date: June 23, 2005