IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANN L. BRESLIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. NO. 05-290 (GMS) |
| v. | : | |
| | : | |
| STATE OF DELAWARE | : | JURY TRIAL DEMANDED |
| DEPARTMENT OF NATURAL | : | |
| RESOURCES AND ENVIRONMENTAL | : | |
| CONTROL, | : | |
| | : | |
| Defendant. | : | |

## JOINT STATUS REPORT

Pursuant to the Notice of Scheduling Conference dated January 3, 2006, the parties submit the following Joint Status Report in anticipation of the Scheduling Conference to be held on **January 24, 2006 at 10:00 a.m.**

1.    **Jurisdiction and Service**.

**By Plaintiff.** The Court has subject matter jurisdiction, all parties are subject to the Court's jurisdiction and no party remains to be served.

**By Defendant.** The Court has subject matter jurisdiction over Counts 1 and 2 as set out below and may likely exercise pendant jurisdiction over the state law based claim as discussed in c. below:

> a.    Subject Matter Jurisdiction Employment Discrimination Count. This Court has federal question jurisdiction over the first count of Plaintiff's Complaint in that Plaintiff seeks relief under 42 U.S.C. § 2000e et seq (Title VII of the Civil Rights Act of 1964, as amended).

b. Subject Matter Jurisdiction Equal Pay Count. This Court has federal question jurisdiction over the second count of Plaintiff's Complaint in that Plaintiff seeks relief under 29 U.S.C. § 206(d) (Equal Pay Act).

c. Subject Matter Jurisdiction Breach of the Implied Covenant of Good Faith and Fair Dealing. Plaintiff seeks pendant jurisdiction over state law based claim.

d. Personal Jurisdiction/Proper Service. Plaintiff served its complaint on the head of the State Agency against whom this claim is directed and did not serve Delaware's Attorney General. Although Plaintiff failed to properly serve Delaware's Attorney General pursuant to 10 Del. C. § 3103(c), Defendant has filed its Answer to Plaintiff's Complaint and has likely waived its ability to raise an issue related to improper service. Thus, the parties appear to be properly before this Court.

**2.    Substance of the Action.**

**By Plaintiff:**

Plaintiff contends that, in violation of Title VII of the Civil Rights Act of 1964, as Amended, U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 206 (d) she has been discriminated against based on her sex (female). Plaintiff argues that she was treated differently from her similarly-situated male co-workers because she was denied equal pay, benefits, seniority and/or promotional/transfer opportunities. At one point, Plaintiff was the only female Environmental Scientist (ES) III in the branch and, upon information and belief, was being paid an annual salary that was approximately $4,000.00 to $10,000.00 less than all of her similarly-situated other

branch ES IIIs. In addition, Plaintiff asserts that she was treated differently from her similarly-situated male co-workers by being subjected to different job performance and/or job requirements and/or educational and/or seniority standards.

Further, Plaintiff contends that Defendant's unlawful gender discrimination, as well as the failure to provide equal pay and advancement opportunities constitute a violation of the Covenant of Good Faith and Fair Dealing implicit in every employment agreement. As a direct and proximate result of Defendant's unlawful gender discrimination, Plaintiff has suffered loss of employment opportunities, loss of income, loss of other employment benefits, and has suffered, and continues to suffer, distress, humiliation, great expense, embarrassment and damages to her reputation.

**By Defendant:**

It is a defense to both Title VII of the Civil Rights Act of 1964, as Amended, U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 206 (d) that the agency followed a bona fide merit system of pay, which assumes that in such a system there may be differences in pay between similarly situated employees of different sexes. In this case, the Defendant State of Delaware Department of Natural Resources & Environmental Control has not discriminated against Plaintiff. A survey of the pay rates of employees in the Environmental Scientist III classification in the Division of Air & Waste Management at the time of her formal complaint indicates females were paid at a slightly higher average rate than those of males in the same classified position. Attempting to find a gender related issue, Plaintiff selected one specific male with whom she argues she had equal qualifications at the time of their hires, when the initial pay rates were set pursuant to the merit system that would govern their future raises. Plaintiff asks

this court to substitute its judgment for a decision made by the state agency concerning the application of its merit rules, of which she failed to formally object until about 3 years after it was made. In the interim, the State Employee responsible for making the initial determination of which she complains, Mrs. Sharon Tazelaar, is disabled after suffering a brain aneurism which permanently affected her memory. Nonetheless, a review of the documentation indicates facts to substantiate that any pay differential resulted not from sex but from the application of state law to her qualifications and credentials at the time of her employment. Thus, any difference in Plaintiff's pay and that of any other employee in the same classified position in the Division of Air & Waste Management did not result from sex or gender discrimination, but resulted from the State following the mandates of the law.

Further, State law provides an exclusive remedy (29 Del. C. § 5943) of filing a grievance process resulting in hearings the final administrative hearing being before the State Merit Employee Relations Board ("State MERB"). The State MERB has the authority "to grant back pay, restore any position, benefits or rights denied, place employees in a position they were wrongfully denied, or otherwise make employees whole, under a misapplication of any provision of this chapter or the Merit Rules." Plaintiff Breslin grieved her pay and received hearings, was represented by counsel and at each level the decision was that the State of Delaware paid Plaintiff Breslin according to state law. Less than a week before the next hearing to be held before the MERB, a board where two labor representatives and two management representatives, and a chairperson appointed by the Delaware Governor hear and correct any misapplication of Delaware law or regulations effecting Delaware employees in the classified services, Plaintiff

4

Breslin withdrew her appeal informing the Board that it preferred to concentrate its efforts in litigation in this court, where Defendant asserts the application of the Merit Rule System is a complete defense. Plaintiff Breslin's withdrawal of her appeal that she was not being paid in accordance with the State Merit Rules from before the impartial Agency established by State law should settle the issue of whether she is being paid in accordance with the State Merit Laws and Regulations since she purposefully chose to avoid the lawful adjudication of her grievance by the administrative agency set up to be the experts on the application of State Merit Laws and Regulations.

Defendant State of Delaware acted in good faith in trying to comply with Delaware law and regulations with respect to Plaintiff and as such has not breached any state law implied covenant of good faith and fair dealing.

2.    **Identification of Issues**.

**By Plaintiff:**

1.    Whether Defendant treated Plaintiff differently from her similarly-situated male co-workers by denying Plaintiff equal pay, benefits, seniority and/or promotional/transfer opportunities?

2.    Whether the practices of the Defendant had the effect of depriving Plaintiff of equal employment opportunities and otherwise adversely affecting her employment because of her gender?

3.    Whether the practices of Defendant caused Plaintiff to experience conscious pain and suffering or other emotional harm?

4.      Whether Defendant breached the Covenant of Good Faith and Fair Dealing by discriminating against Plaintiff based on her gender (female), and by failing to provide equal pay and advancement opportunities?

5.      Whether the actions of Defendant constitute a violation of the Covenant of Good Faith and Fair Dealing implicit in every employment agreement?

**By Defendant**:

a.      Whether Plaintiff is precluded from arguing that the State did not follow the State Merit laws and Regulations either from failure to exhaust administrative remedies, equitable estoppel or state law holding that the exclusive remedy for merit rule violations is through the merit process?

b.      Assuming arguendo the issue must be reached by the court, whether the State of Delaware followed Delaware law and the State Merit Regulations with respect to paying Plaintiff?

c.      Assuming arguendo that gender discrimination occurred, whether the State of Delaware willfully discriminated against Plaintiff?

d.      Assuming arguendo that the State of Delaware committed gender discrimination but not in a willful manner, is Count II of the Complaint under the Equal Pay Act barred by the statute of limitations?

e.      Assuming arguendo that the State of Delaware committed gender discrimination pursuant to Count I of Plaintiff's Complaint related to Title VII, is the Plaintiff restricted to compensatory and liquidated damages and restricted to a cap of $300,000 in that the Defendant is a state agency?

f.      Whether the state law claim of breach of the implied Covenant of Good
Faith and Fair Dealing extends to anything beyond firing decisions?

g.      Whether the state law claim of breach of the implied Covenant of Good
Faith and Fair Dealing is barred by the statute of limitations in 10 Del. C. § 8111?

h.      Whether the state law claim of breach of the implied Covenant of Good
Faith and Fair Dealing requires a showing of fraud and as such must be plead with
particularity such that Plaintiff's claim is critically flawed?

**4.      Narrowing of Issues**. The issues may be narrowed by dispositive
motions and/or stipulation of the parties following discovery.

**5.      Relief**.

Plaintiff is seeking a declaration that the conduct engaged in by the Defendant is
in violation of Plaintiff's rights. Plaintiff is also seeking a judgment in Plaintiff's
favor ordering Defendant to provide appropriate back-pay with pre-and post-
judgment interest, in amounts to be determined at trial, and other affirmative relief
necessary to eradicate the effects of Defendant's unlawful employment practices.
Also, Plaintiff is seeking a judgment in Plaintiff's favor ordering Defendant to
provide compensation for non-pecuniary losses, including, but not limited to, pain
and suffering, and humiliation, in the amounts to be determined at trial, and other
affirmative relief necessary to eradicate the effects of Defendant's unlawful
employment practices and compensation for past and future pecuniary losses, in
amounts to be determined at trial. Finally, Plaintiff is seeking a judgment in
Plaintiff's favor ordering Defendant to pay punitive damages for its malicious and/or

reckless conduct in amounts to be determined at trial, as well as the costs of reasonable attorneys' fees and expenses and the costs of this litigation.

Defendant is seeking a dismissal of Plaintiff's suit or a finding by this Court that the State of Delaware did not discriminate or act unlawfully towards Plaintiff.

6.  **Amendment of Pleadings**. None anticipated at this time.

7.  **Joinder of Parties**. None anticipated at this time.

8.  **Discovery**.    The parties agreed to exchange initial disclosures by January 15, 2006. The parties anticipate that they will need 6 months for discovery in this action and seek a discovery deadline of 6 **months** from the date of the scheduling order. Discovery may include:

> (a)  Requests for Admissions;
>
> (b)   Requests for the Production of Documents;
>
> (c)  Depositions, however, each side is limited to ten (10) depositions;
>
> (d)  Interrogatories, however, each side is limited to twenty-five (25) interrogatories.

9.  **Estimated trial length**. Trial should take no longer than five (5) days. The parties will endeavor to reduce the length of trial by entering into stipulations.

10.  **Jury trial**. A jury trial has been demanded.

11.  **Settlement**. There have been no settlement discussions to date.

12.  **Other matters**. None.

13.  Counsel for the parties have conferred about each of the above matters.

MARGOLIS EDELSTEIN

By:_____
   Jeffrey K. Martin, Esquire (#2407)
   Lori A. Brewington, Esquire (#4522)
   1509 Gilpin Avenue
   Wilmington, DE 19806
   (302) 777-4680
   jmartin@margolisedelstein.com
   lbrewington@margolisedelstein.com
*Attorneys for Plaintiff*

DEPARTMENT OF JUSTICE

By: /s/_____
   Valerie S. Csizmadia, DAG (#3937)
   102 West Water Street
   Dover, DE  19904
   (302) 739-4211
   valerie.csizmadia@state.de.us
*Attorneys for Defendant*

Dated: January 17, 2006

9