


# STATE OF DELAWARE
## DEPARTMENT OF JUSTICE

### CARL C. DANBERG
Attorney General

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-6630 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

PLEASE REPLY TO:

August 1, 2006

The Honorable Gregory M. Sleet
U.S. District Court for the
District of Delaware
844 North King Street, Rm. 4209
Lock Box 19
Wilmington, DE  19801

Re: Breslin v. Delaware Dept. of Natural Resources & Environmental Control

Your Honor:

The Plaintiff filed a Motion to Partially Amend Scheduling Order. The Defendant State of Delaware opposes Plaintiff's Motion. Plaintiff Breslin simply failed to file any discovery requests until the close of business on the day in which discovery was to be completed.

Plaintiff Breslin recites that "the discovery deadline had been incorrectly calendared;" however, Plaintiff had prepared the proposed scheduling order, and has given no real excuse for missing the court's deadline. Months have passed since the date the order was signed. Defendant State has taken the Plaintiff's deposition, Plaintiff Breslin has taken five depositions and responded to the Defendant State's timely filed discovery requests.

The Defendant State of Delaware acted in a timely manner and complied with the Court's deadlines. Defendant believes that the entirety of Plaintiff's claims are without merit, but has nonetheless been required to expend considerable efforts in terms of public time, money and effort to defend this claim that could have been spent protecting the environment. Defendant State is being inconvenienced and burdened and has already produced considerable documentation to Plaintiff in conjunction with both her State of Delaware Merit Appeal (which she lost at each stage until she dropped her appeal) and the EEOC investigation. Also, the Court ordered and Parties have agreed, to take this issue to mediation before the Magistrate, so even more information will be exchanged later. Given the considerable information at Plaintiff's disposal, the State does not believe there would be real prejudice to Plaintiff Breslin should her

request to extend the discovery deadline not be granted. Further, increased attorneys fees on both sides should Defendant State have to respond to Plaintiff Breslin's late filed requests could be avoided (in addition to attorney's fees Plaintiff Breslin will no doubt want the State to pay at some point regarding the preparation of her motion to extend this timeframe).

Plaintiff Breslin further discusses in paragraphs 6 and 7 that Defendant requested medical information in a recent telephone conversation. However, Plaintiff did not add the relevant information that the request for medical information was properly made in timely filed discovery requests, to which Plaintiff Breslin summarily objected despite having made her medical condition an issue in the depositions. Further, Plaintiff Breslin failed to provide other properly requested information, and although she has just provided it, the State is not asking for an extension of the time to file dispositive motions. In fact, State does not need additional time to conduct discovery as the information provided in discovery will enable Defendant to obtain the information it needs outside of discovery (as long as Plaintiff does sign the medical authorization form).

Further, as Plaintiff Breslin points out, it would not be expedient or just to extend the time for responding to the discovery without extending the time to file dispositive motions. Indeed, if the request is granted, it would be more appropriate to extend the discovery time frame by 30 days from any order the Court would issue to grant the extension, rather than an simply an additional 30 days to the original time frame, as the State has not occurred the unnecessary costs of devoting time to compiling the technical information requested in the discovery which was filed in violation of the Court's Order. This would extend the schedule even further, due to the Plaintiff's failure "to accurately calendar a court deadline." In this instance, the Plaintiff has caused the Defendant to incur costs by filing a lawsuit in this court because it believed there was more to be gained through litigation than she would have received had she won the last hearing before the Delaware State Merit Employee Grievance Board. Given that Plaintiff chose this forum over a less formal one, she should be required to follow the Court's Scheduling Order and she should not be granted an extension which will cause the State to incur additional costs due to her failure to accurately manage the case.

Significantly, as I recently reminded Plaintiff's attorney when she sought the State Defendant's position on an extension, the Court indicated in the Scheduling Conference that the time frame in the order for the Court to decide dispositive motions was shorter than the Court would prefer. Defendant fully intends to file dispositive motions, which are likely, given the time frame, to not be decided before the case is going before mediation. For all the above reasons, Defendant State is opposed to the Court granting Plaintiff's Motion.

Respectfully submitted,

Valerie S. Csizmadia
Deputy Attorney General

VSC/jrm/I/498-29
cc: Lori A. Brewington, Esq. (by facsimile)